*IN THE UNITED STATES BANKRUPTCY COURT*

*FOR THE DISTRICT OF PUERTO RICO*

| | |
|---|---|
| *IN RE:* <br><br> *CARMEN MILAGROS DAVILA RAMOS* <br><br><br><br> *DEBTOR(S)* | *CASE NO. 21-00363* <br><br><br> *CHAPTER 13* |

***NOTICE OF FILING OF AMENDED CHAPTER 13 PLAN***

TO THE HONORABLE COURT:

Come(s) Debtor represented by the undersigned attorney and most respectfully EXPOSE(s) and PRAY(s):

1. Debtor is filing a Chapter 13 Plan, herein attached, to be notified to all interested parties today June 21, 2021.

2. The Plan provides for adequate protection payments to creditor Noel Ramos Davila

3. The Plan consents the lifting of stay as to Toyota Credit and corrects section 3.1 of the Plan.

WHEREFORE, Debtor(s) respectfully request(s) to this Honorable Court to take notice of the aforementioned.

**NOTICE:** Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other

response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

RESPECTFULLY SUBMITTED.

In Caguas, Puerto Rico, today June 21, 2021.

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using CM/ECF System which will send notification of such filing to the parties registered in the CM/ECF System. All other parties have been notified by the United States Postal mailing service.

**/s/ JOSÉ Á. LEÓN LANDRAU, ESQ.**

JOSÉ Á. LEÓN LANDRAU (131506)

Attorney for Debtor(s)
PO Box 1687
Caguas, PR 00726
Phone: (787) 746-7979
Fax: (787) 961-9348

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In Re:
**CARMEN MILAGROS DAVILA RAMOS**

xxx-xx-8651

**Puerto Rico Local Form G**

**Chapter 13 Plan dated** June 21, 2021.

Case No.: **21-00363**

Chapter 13

☑ Check if this is a pre-confirmation amended plan

☐ Check if this is a post confirmation amended plan
Proposed by:
☐ Debtor(s)
☐ Trustee
☐ Unsecured creditor(s)

If this is an amended plan, list below the sections of the plan that have been changed.
**TO PROVIDE FOR ADEQUATE PROTECTION PAYMENTS TO CREDITOR HECTOR RAMOS**
include tax Language

---

# PART 1: Notices

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

# PART 2: Plan Payments and Length of Plan

2.1    **Debtor(s) will make payments to the trustee as follows:**

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|

| Debtor | **CARMEN MILAGROS DAVILA RAMOS** | Case number | **21-00363** |
|---|---|---|---|

| | | | |
|---|---|---|---|
| $5,000.00 | Months **1** through **6** | $30,000.00 | |
| $7,000.00 | Months **7** through **10** | $28,000.00 | |
| $7,500.00 | Months **11** through **12** | $15,000.00 | |
| $10,000.00 | Months **13** through **60** | $480,000.00 | |
| Subtotals | **60** Months | **$743,000.00** | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment): _____

2.3 **Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 **Additional payments:**

*Check one.*
☐ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

☑ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.
    **$130,000.00 lumpsum payment in month 36. Payment will come from the selling of the property located in Urb. Hacienda Grande Maunabo, Puerto Rico**
    **$60,000.00 lumpsum payment in month 40. Payment will come from the selling of the residential property located in Barrio Camino Nuevo , Yabucoa, Puerto Rico.**

## PART3: Treatment of Secured Claims

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
☑ The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of Creditor | Collateral | Current installment payments (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if any) | Monthly PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|

Debtor **CARMEN MILAGROS DAVILA RAMOS**  Case number **21-00363**

| Name of Creditor | Collateral | Current installment payments (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if any) | Monthly PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **BANCO POPULAR DE PR** | **CALLE CAOBA NUM 314 LOS SAUCES HUMACAO, PR 3 BEDROOM 2 BTHROOM RESIDENCE** | $730.00 Disbursed by: ☐ Trustee ☑ Debtor(s) | $0.00 | 0.00% | $0.00 _____ Months Starting on Plan Month _____ | $0.00 |

*Insert additional claims as needed.*

3.2  **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑ The Debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the Debtor(s) state that the value of the secured claim should be as set out in the column headed Amount of Secured Claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below. If no monthly payment is listed below, distribution will be pro-rated according to section 7.2.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed Amount of Secured Claim will retain the lien on the property interest of the Debtor(s) or the estate(s) until the earlier of:

(a) Payment of the underlying debt determined under nonbankruptcy law, or

(b) Discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of Creditor | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Interest Rate % | Monthly PMT to Creditor | Estimated Total of Monthly PMTs |
|---|---|---|---|---|---|---|---|---|
| **HECTOR RAMOS DAVILA** | $40,000.00 | **BO. CAMINO NUEVO CARR 901 KM 2 Yabucoa, PR 00767 Yabucoa County 3 BEDROOM 1 BATHROOM RESIDENCE** | $100,000.00 | $0.00 | $40,000.00 | 0.00% | | $40,000.00 |

Puerto Rico Local Form G (LBF-G)  Chapter 13 Plan  Page 3

| Debtor | **CARMEN MILAGROS DAVILA RAMOS** | | | | Case number | **21-00363** | | |

| Name of Creditor | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Interest Rate % | Monthly PMT to Creditor | Estimated Total of Monthly PMTs |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Months  Starting on Plan Month | |

*Insert additional claims as needed.*

**3.3  Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below were either:

(1) Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or

(2) Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the Debtor(s). If the Trustee is to disburse and no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2.

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| **HECTOR N0EL RAMOS DAVILA** | **BO. CAMINO NUEVO CARR 901 KM 2.0 Yabucoa, PR 00767 Yabucoa County COMMERCIAL PROPERTY LOCATED IN 2.83 CDAS. INCLUDES AN ACTIVITY RENTAL CENTER** | $800,000.00 | 0.00% | Disbursed by: ☑ Trustee ☐ Debtor(s) | $500,000.00 |
| | | | Months Starting on Plan Month | | |

*Insert additional claims as needed.*

**3.4  Lien Avoidance**.

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5  Surrender of collateral.**

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**3.6  Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**

☑ Payments pursuant to 11 USC §1326(a)(1)(C):

| Name of secured creditor | $ Amount of APMP | Comments |
|---|---|---|
| **HECTOR RAMOS DAVILA** | $2,500.00 MONTHLY SINCE THE FILING OF THE PLAN | |

| Debtor | **CARMEN MILAGROS DAVILA RAMOS** | Case number | **21-00363** |
|---|---|---|---|

*Insert additional claims as needed.*

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

3.7 **Other secured claims modifications.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

☑ Secured claims listed below shall be modified pursuant to 11 U.S.C. § 1322(b)(2) and/or § 1322(c)(2). Upon confirmation, the trustee shall pay the allowed claim as expressly modified by this section, at the annual interest rate and monthly payments described below. Any listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2.

| Name of creditor | Claim ID# | Claim Amount | Modified interest rate | Modified term (*Months*) | Modified P&I | Property taxes (*Escrow*) | Property Insurance (*Escrow*) | Total monthly payment | Estimated total PMTs by trustee |
|---|---|---|---|---|---|---|---|---|---|
| CRIM | | $41,522.00 ☑ To be paid in full 100% | 0.00% | | | | | Starting on Plan Month | $41,522.00 |

*Insert additional claims as needed.*

## PART 4: Treatment of Fees and Priority Claims

4.1 **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's fees**
Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3 **Attorney's fees**

Check one.

☐ **Flat Fee:** Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

**OR**

☑ **Fee Application:** The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition: | $ **1,000.00** |
| Balance of attorney's fees to be paid under this plan are estimated to be: | $ **LEGAL REPRESENTATION SHALL BE RENDERED AT A RATE OF $200.00 PER HOUR. LEGAL FEES SHALL BE REQUESTED** |

| Debtor | **CARMEN MILAGROS DAVILA RAMOS** | Case number | **21-00363** |
|---|---|---|---|

**BYAPPLICATION FOR COMPENSATION AND PAID BY THE TRUSTEE UPON ORDER OF THE COURT APPROVING COMPENSATION**

**ESTIMATED FEES $8,000.00**

If this is a post-confirmation amended plan, estimated attorney's fees: $ _____

4.4 **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6**

*Check one.*
☑ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

4.5 **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

4.6 **Post confirmation property insurance coverage**
*Check one.*
☑ **None**. *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

## PART 5: Treatment of Nonpriority Unsecured Claims

5.1 **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

☐ The sum of $ _____ .
☐ _____% of the total amount of these claims, an estimated payment of $_____.
☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.
☐ If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $_____.

5.2 **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

5.3 **Other separately classified nonpriority unsecured claims.**
*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

| Debtor | CARMEN MILAGROS DAVILA RAMOS | Case number | 21-00363 |
|---|---|---|---|

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

**7.1  Property of the estate will vest in the Debtor(s) upon**
*Check the appliable box:*
☑  Plan confirmation.
☐  Entry of discharge.
☐  Other: _____

**7.2  Plan distribution by the trustee will be in the following order:**
(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – *Arrearage payments*
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

**8.1  Check "None" or list the nonstandard plan provisions**
☐  **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

8.2 This Section modifies LBF-G, Part 2, section 2.3:Income Tax Refunds to be used to fund the Plan

*Tax refunds will be devoted, as periodic payments, to fund the plan's completion. The tender of such payments shall deem the plan modified by such amount increasing the base without the need of further notice, hearing or court Order. Any partial or total use of such refund will require authorization of the Court.*

8.3 Debtor consents the lifting of stay as to Toyota Credit claim 4 as the vehicle securing the claim is being paid by athird party

*Insert additional lines as needed.*

## PART 9: Signature(s)

| /s/ JOSÉ Á. LEÓN LANDRAU | Date | **June 21, 2021** |
|---|---|---|
| JOSÉ Á. LEÓN LANDRAU 131506 | | |
| **Signature of Attorney of Debtor(s)** | | |

| /s/ CARMEN MILAGROS DAVILA RAMOS | Date | **June 21, 2021** |
|---|---|---|
| **CARMEN MILAGROS DAVILA RAMOS** | | |

By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.

| Debtor | **CARMEN MILAGROS DAVILA RAMOS** | Case number | **21-00363** |
|---|---|---|---|

CARMEN MILAGROS DAVILA RAMOS
HC- 01
BOX 4046
YABUCOA, PR 00767


JOSÉ Á. LEÓN LANDRAU
LEÓN LANDRAU, C.P.
PO BOX 1687
CAGUAS, PR 00726


BANCO POPULAR DE PR
P.O. BOX 366818
SAN JUAN, PR 00936-6818


BANCO POPULAR DE PR
P.O. BOX 366818
SAN JUAN, PR 00936-6818


CRIM
P.O. BOX 195387
SAN JUAN, PR 00919-5387


HECTOR N0EL RAMOS DAVILA
PO BOX 704
CAGUAS, PR 00726-0704


HECTOR RAMOS DAVILA
PO BOX 704
CAGUAS


LCDA. DAISY CALCANO LOPEZ
P.O. BOX 704
CAGUAS, PR 00726-0704