**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

IN RE:

**CARMEN MILAGROS DAVILA RAMOS**

CASE NO. MCF

CHAPTER 13

DEBTOR

**OPPOSITION TO CONFIRMATION OF CHAPTER 13 PLAN**

**TO THE HONORABLE COURT:**

**COMES NOW,** creditor **HECTOR NOEL RAMOS DAVILA** represented by the undersigned attorneys and respectfully prays and alleges:

1. Hector Ramos is a secured creditor in the present case in the present case with a loan in the amount of $814,262.24 guaranteed by two real properties. *See, Proof of Claim 6*.

2. Debtor filed a Plan of Reorganization on March 2, 2021. *Dkt.24*.

3. Said Plan provides for an improper treatment for Héctor Ramos in relation to the above-mentioned claim.

4. Secondly, Debtor requests a valuation of the properties guaranteeing creditors claim without providing any evidence of value of the collateral.

5. Creditor has obtained an appraisal of the two properties, and the value of the two properties differs significantly from the value presented in the plan by Debtor. In fact, the value of the properties as proposed by the Debtor is substantially lower to the point of incredibility.

6. The appraisals made state that the commercial property has a value of $790,000.00, and the residential property a value of $80,000.00. *See, Exhibit 1 & 2*. Debtor claims the value of the properties is $100,000.00 and $500,000.00. *See, Dkt.24*, pgs. 5 & 6.

7. As opposed to what the Debtor asserts, the market values of the properties are enough to cover creditor's claim of $814,262.24 in full.

8. The proposed plan base is not enough to cover the payment for allowed secured claim of the creditor.

9. Therefore, creditor understands that the Debtors' Chapter 13 Plan is not confirmable for several reasons, *to wit*:

   a) Debtor has arrears for the amount of $814,262.24. *(See POC 6)*
   b) The plan does not provide for said arrears. *(Dkt.24)*;
   c) The plan does not fully include Héctor Ramos as a secured creditor *(Dkt.24)*;
   d) The plan does not comply with 11 U.S.C. §1325(a)(5);
   e) The plan does not comply with 11 U.S.C. §1322(b)(5);
   f) The loans are payable according to judgment of May 3rd, 2019.

10. Pursuant to §1325(a)(5) a "plan's proposed treatment of secured claims can be confirmed if one of three conditions is satisfied: The secured creditor accepts the plan, see 11 U.S.C.

-2-

In re: Carmen Davila
21-00363
*Objection to Confirmation*

§ 1325(a)(5)(A); the debtor surrenders the property securing the claim to the creditor, see § 1325(a)(5)(C); or the debtor invokes the so-called "cram down" power, see § 1325(a)(5)(B)." *Associates Commercial Corp. v. Rash, 520 U.S. 953 (1997)*. None of the above-mentioned conditions are present in this case.

11. In *Hamilton, 401 B.R. 539, (B.A.P. 1st Cir. 2009)*, the BAP went further explaining that §1322(b)(2) & (b)(5) are not at odds with §1325(a)(5)(B)(iii)(I). The former "address a debtor's right to cure arrears on a long-term debt" and the latter "governs the manner in which debtor must provide for payments on secured claims, absent the consent of the holder of such claim." *Id*. (Quoting, *In re McDonald, 397 B.R. 175, at 176 (Bankr. D. Me. 2007)*). "Thus, §1325(a)(5) serves to restrict, to a certain degree, a debtor's ability to cure arrears on a long-term debt." *Id*.

12. Creditor filed a Proof of Claim in the amount of $814,262.24. *See, POC 6.* Debtor has not objected to the same and it is deemed allowed in full. Pursuant to Rule 3007 and 11 U.S.C. §502(a) a properly filed claim is deemed allowed unless objected to. *In re Farmers' Co-op of Arkansas & Oklahoma, Inc.*, 43 BR 619 (Bankr. WD Ark, 1984).

13. The Claim includes a secured claim over the residential property that is secured up to $110,000.00. *Id*. The Plan only provides payment of up to $40,000.00 on said property.

Case:21-00363-EAG13 Doc#:63 Filed:07/20/21 Entered:07/20/21 14:14:11 Desc: Main
Document Page 4 of 6

In re: Carmen Davila
21-00363
*Objection to Confirmation*

Since the appraised value of the property is $80,000.00, such treatment and payment are deficient. *See, Exhibit 1 & 2*. The claim on the commercial property is secured up to $840,000.00 and the Plan only provides for payment of up to $500,000.00. *Id*. Again, said treatment and proposed payment is deficient considering that the appraised value of the property is $790,000.00. *See, Exhibit 1 & 2*. Creditor objects to said treatment and expects full payment in on its secured claim and as such, the plan is not confirmable.

14. The Plan Base is of $743,000.00. Debtor has a secured claim that needs to be paid through the Plan in the amount of $814,262.00, plus $8,000 in priority claims and an additional $63,483.30 in unsecured claims. The plan base is not enough to cover those claims. Therefore, the plan is not confirmable.

15. As mentioned above, Debtor requests valuation of the secured creditor's collateral. Creditor is not in agreement with the valuation, and is presenting an appraisal of the properties. *See, Exhibit 1 & 2*.

16. Notwithstanding, in the valuation process Debtor has the initial burden to establish a value for the properties. Debtor has not done so. There is no valuation or appraisal from Debtor. The initial burden of establishing a secured claim's value is on the debtor. *In re Hassan*, 2015 Bankr. LEXIS 3419, 2015 WL 5895481, at *4 (citing *In re Lepage*, 2011 Bankr. LEXIS

- 4 -

1842, 2011 WL 1884034, at *4 (Bankr. E.D.N.Y May 18, 2011) *In re Pod*, 560 B.R. 77, 80, 2016 Bankr. LEXIS 3822, *5

17. As such, Debtor is obligated to pay the claims in full.

18. And as such, the plan base is not sufficient to pay for appearing creditor and the other claims filed in the case.

19. For the above stated reasons, creditor respectfully requests that the Court DENIES the confirmation of the Plan filed by the Debtor.

**WHEREFORE,** the appearing creditor objects to the confirmation of Debtors' Plan and requests that the Court deny confirmation of the Plan and dismiss the bankruptcy petition.

### CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that on July 1st, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties in the case.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this July 20th, 2021.

By:*/s/ Rafael A. Gonzalez Valiente*
USDC NO. 225209

***Counsel for Hector N Ramos Dávila***

**GODREAU & GONZALEZ LAW**
P.O. BOX 9024176
SAN JUAN, PUERTO RICO 00902-4176
Tel.: (787) 726-0077
rgv@g-glawpr.com

**IN RE: CARMEN DAVILA**
21-00363
*Objection to Confirmation*

- 6 -