## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: **CARMEN MILAGROS DAVILA RAMOS** DEBTORS | CASE NO.  21-00363 |
| HECTOR NOEL DAVILA RAMOS MOVANT VS. **CARMEN MILAGROS DAVILA RAMOS** ALEJANDRO OLIVERAS RIVERA, CHAPTER 13 TRUSTEE RESPONDENT (S) | CHAPTER 13 |

### ANSWER TO MOTION FOR RELIEF OF STAY

TO THE HONORABLE COURT:

*Comes debtors represented by the undersigned attorney and most respectfully EXPOSES and PRAYS:*

INTRODUCTION

1.    Secured creditor *HECTOR NOEL DAVILA RAMOS, hereinafter the Creditor,* filed a motion for relief of stay alleging debtor has failed to comply with the payment of a mortgage loan previously acquired from Banco Popular de Puerto Rico by the purchase of such credit.

2-    The Creditor alleges to have a secured claim of $814,262.24 secured by two real estate properties, being one of them a residential property and the second property a commercial property operated as a center of activities and that also includes in its outside premises a small lunch cafeteria and restaurant. Both properties are referred to hereinafter as the commercial property and the residential property, respectively.

3- The Creditor also alleges, that the value of both properties is $790,00 and $80,000.00 respectively, almost coinciding with the amount claimed as secured in his claim alleged as $814,262.24. An appraisal requested by the Debtor establishes that the value of the commercial property is $370,000. See Addendum A of this motion. Considering for the only purpose of this procedure that the residential property is valued at $70,000.00, the creditor is clearly an unsecured creditor as is alleged in the Chapter 13 Plan before this Honorable Court.

4- The creditor fails to point that there are other creditors in the case, including governmental entities that would inevitable become affected by the creditor proposition to lift the stay with the absence of the debtor's reorganization in this case.

5- Creditor's whole proposition is centered on a wrong exceeded assumption of the value of one of the principal properties in this case.

DEBTOR'S COMMERCIAL BACKGROUND AND PROCEDURAL HISTORY

6- The debtor, Carmen Davila Ramos, is the owner since 1995 of the real estate commercial property comprising 9,169.8461 square meters located in Road 901 Km 2.3 Barrio Camino Nuevo, in the municipality of Yabucoa, Puerto Rico. After acquiring the commercial property, the debtor built from zero, a structure dedicated to a Convention and Activities Center known under the commercial name of ''Centro de 'Convenciones Camilda''. Activities held on its premises include the celebration of weddings, graduations, school activities, among others, and a restaurant and cafeteria operated under the commercial name of "La Gozadera." After the construction of the property through an interim loan, the debtor obtained in 2003 a permanent commercial loan with Banco Popular De Puerto Rico. This commercial loan was excellently paid for fourteen (15) years out of twenty (20) years until the passage and impact of Hurricane Maria in September of 2017. The facilities of the convention center were severely damaged, and activities were halted for almost a year. All activities including weddings, graduations, school activities, and others, were canceled entirely. Debtor at that time had already paid fourteen (15) years of payments, equivalent to **one hundred eighty (180) payments of $7,900.00 for a total of approximately $1,422,000.00.**

7- The municipality of Yabucoa where the property was located remained without electricity for more than nine (9) months after Hurricane Maria's passage. The reconstruction of the facilities was extended until almost the end of 2019. No matter that most of the activities engaged to happen in the Convention Center were postpone for the year 2020, the debtor who is a hard-working woman continuously operated the outside restaurant facility. The Covid-19 closure in March 2020 again hit the activities income-producing property. The good news is that the booking of activities has shown to resume with a bright perspective.

PROPERTY SUBJECT OF REQUEST FOR RELIEF OF STAY IS NECESSARY FOR

DEBTOR'S REORGANIZATION

8- It has been recognized that the term "reorganization" is not defined under the Bankruptcy Code. Nevertheless, bankruptcy decisions must look cautiously at the specific property subject of the stay relief, assessing the necessity of maintaining the property as an asset of the estate to further complete the reorganization of the debtor, harmonizing the interest that each creditor be paid at a maximum under the plan of reorganization and at the same time paying to the movant creditor what he deserves or is allowed to receive under the Plan.

9- In this case, the main property subject of the stay relief is essential for the debtor's rehabilitation. Debtor's Plan proposes incremented payments and the payment that creditor is entitled once the issue of valuation is adjudicated. The payment history of the loan for almost fifteen (15), in addition to the debtor's testimony, would provide evidence of the debtor's rehabilitation viability. Lundin referring and differentiating between an accessory asset and a core asset for financial rehabilitation under a chapter 13 case, and its equity, has exposed the following in his Treaty:

> "**Because** equity in property is relatively uncommon in Chapter 13 cases, the § 362(d)(2) **calculus most often turns on necessity to an effective reorganization**. It has been held that a car is necessary to an effective reorganization when it is the debtor's only means of transportation[10] and when the debtor proves that the vehicle is used in a business activity"
>
> Lundin Chapter 13 Treaty. Section 64.5. Bold emphasis provided.
>
> Debtor affirms that the property subject of this procedure is the core asset for the debtor's financial rehabilitation.
>
> DEBTOR IS PROVIDING ADEQUATE PROTECTION TO CREDITOR UNDER THE PLAN FILED IN THIS STAGE OF THE PROCEEDINGS

10- Creditor fails to mention in his Motion for Stay Relief, that the Plan proposed by the debtor provides for adequate protection payments in the amount of $2,500.00.00. By this provision the Plan complies "prima facie" with a protection that turns improper the stay relief on the actual stage of the proceedings.

11- In addition, the debtor is current in her payments under the Plan and ready and able to increase her payments in the second scale up of the Plan.

EXISTENCE OF A REAL CONTROVERSY IN THE VALUE ASSIGNED BY DEBTOR TO THE CORE COMMERCIAL PROPERTY

12- Creditor submits an appraisal which assigns a value of $790,00 and $80,000.00 for each of the encumbered properties in the case, respectively. almost coinciding with the amount claimed as secured in his claim alleged as $814,262.24 but exceeding by just $55,737.76. or six (6) percent above the amount claimed by creditor.

13- The appraisal submitted to debtor reflects important deficiencies that create a real controversy in the values assumed in the Motion for Relief of Stay.

14- The remedy requested is premature at this stage of the proceedings.

WHEREFORE, debtors respectfully request from this Honorable Court to grant this motion accordingly and deny the Motion for Stay Relief.

**NOTICE:** Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using CM/ECF System which will send notification of such filing to the parties registered in the CM/ECF System. All other parties are being notified by regular U.S Postal Service.

Respectfully submitted in Caguas, Puerto Rico, today August 6, 2021

**/s/ JOSÉ Á. LEÓN LANDRAU, ESQ**.

**JOSÉ Á. LEÓN LANDRAU (131506)**

Attorney for Debtor(s)

PO Box 1687

Caguas, PR 00726

Phone: (787) 746-7979

Fax: (787) 961-9348